UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ELLSWORTH STILES, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.  2:19-cv-02246-JDP (SS) <br><br> ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF No. 15 <br><br> ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT <br><br> ECF No. 18 |

Stiles ("claimant") challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. ECF No. 1. The case is submitted on claimant's motion for summary judgment, ECF No. 15, to which the Commissioner filed an opposition and cross-motion for summary judgment, ECF No. 18. Both parties have consented to the to the jurisdiction of a U.S. Magistrate judge. ECF Nos. 5, 6, 19. The matter is ripe for review, and this court now denies claimant's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.

I.  **STANDARD OF REVIEW**

The court's review is limited. On appeal, this court examines only whether substantial evidence supports the factual findings of the administrative law judge ("ALJ") and whether the ALJ applied the correct legal standards. *See Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050,

1052 (9th Cir. 2006); 42 U.S.C. § 405(g). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The court will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence, because the court may not substitute its own judgment for that of the ALJ. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Relatedly, the court reviews only the reasons provided by the ALJ in the disability determination and may not affirm based on a ground upon which the ALJ did not rely. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

A motion for summary judgment may be granted only when the there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing that there is no genuine issue of material fact lies with the moving party. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Once the moving party has met that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978); *see also Nissan Fire*, 210 F.3d at 1102-03.

**II.    BACKGROUND**

Claimant filed an application for disability insurance benefits on October 17, 2017, initially alleging disability since December 31, 2016, and later amending the onset date to December 14, 2009. AR 10, 35-36, 166-67. In his disability report, claimant indicated that he is disabled due to post-traumatic stress disorder ("PTSD"), zero mobility in both shoulders, an inability to lift both arms above shoulder height, chronic depression, chronic anxiety, and suicidality. AR 181. Claimant reported that he needed to stop working on December 31, 2006, due to his conditions. AR 182. Claimant is a high school graduate and completed three years of college. AR 182. In the fifteen years preceding his disability claim, he worked as a heating and air installer and servicer. AR 182.

Claimant's application was initially denied on February 17, 2018, and upon reconsideration on April 6, 2018. AR 93-97. He then requested a hearing before an ALJ. AR 104-05. On May 22, 2019, the ALJ issued a decision finding claimant not disabled, concluding that claimant retained the residual functional capacity ("RFC") to perform work existing in significant numbers in the national economy. AR 7-21. Claimant requested a review of the ALJ's decision on July 9, 2019. AR 160. The Appeals Council denied claimant's request for review on September 5, 2019. AR 1-6. Claimant now seeks judicial review under 42 U.S.C. § 405(g).

### III.   ANALYSIS

An ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or exceed the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform his past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920. The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since July 21, 2016. AR 18. At step two, the ALJ found that claimant had the severe impairments of PTSD, depression, anxiety, alcohol dependence, bilateral shoulder degenerative impingement, right cubital tunnel syndrome, right shoulder bicep tendonitis, bilateral shoulder rotator cuff tears, and a right third finger flex deformity. AR 13. The ALJ further found that claimant had the nonsevere impairments of hypertension, stigmata of prior granulomatous, history of right-hand flexor tendon repair, and tinnitus. AR 13. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or exceeded the severity of any of the impairments listed in the regulations. AR 13-15. Before proceeding to step

four, the ALJ found that "claimant had the residual functional capacity ('RFC') to perform sedentary work as defined by 20 CFR 404.1567(b) and 416.967(b), with the additional limitations that he could carry 10 pounds occasionally and less than 10 pounds frequently, and could stand and/or walk for approximately 6 hours and sit for approximately 6 hours, in an 8-hour workday, with normal breaks." AR 15. The ALJ further determined that claimant could not climb ladders, ropes, and scaffolds, could not crawl, and could not reach overhead bilaterally. AR 15. Claimant was further limited to frequent bilateral handling and fingering. AR 15. The ALJ found that claimant could understand, remember, and carry out simple and routine instructions that could be learned in 30 days or less. AR 15. At step four, the ALJ found that claimant could not perform past relevant work. AR 19. At step five, the ALJ found that considering claimant's age, education, work experience, and residual functional capacity, there are jobs existing in significant numbers in the national economy that claimant can perform. AR 20-21. The ALJ concluded that claimant was not under a disability during the relevant time period. AR 21.

In claimant's motion for summary judgment, he challenges the ALJ's RFC findings. In particular, claimant argues that the RFC is contrary to law and not supported by substantial evidence since: (1) it fails to depict accurately claimant's reaching, handling, and fingering restrictions stemming from his hand and shoulder impairments; and (2) it fails to account for claimant's moderate limitations in concentration, persistence, and pace. ECF No. 15-2 at 2.

In the Commissioner's opposition and cross-motion for summary judgment, the Commissioner argues that: (1) the standard of review for the ALJ's factual findings is highly deferential, ECF No. 18 at 5; (2) substantial evidence supports the ALJ's RFC findings regarding claimant's ability to handle, finger, and reach, *id.* at 6-8; and (3) substantial evidence supports the ALJ's mental RFC findings, *id.* at 8-11.

**A. RFC**

A claimant's RFC is what he can still do despite his physical, mental, and other limitations. *See Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001). An ALJ's RFC determination must be based on medical opinions and the totality of the record. *See* 20 C.F.R. §§ 416.927(b), 416.946(c). In determining RFC, an ALJ is responsible for "determining

credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In making these determinations, an ALJ must account for all a claimant's limitations. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, must set out all the limitations and restrictions of the particular claimant. Thus, an RFC that fails to take into account a claimant's limitations is defective.") (internal quotation and citation removed).

### a. Fingering and Handling Limitations

The ALJ found that claimant could frequently handle and finger bilaterally. AR 15. In support of his assertion that the ALJ failed to account for all fingering limitations supported by the record, claimant alleges that the ALJ "failed to discuss" a VA disability evaluation and failed to account for the limitations noted in an orthopedic evaluation. ECF No. 15-2 at 11.

Claimant alleges that the ALJ did not adequately consider VA notes about his inability to grasp tools or move all fingers, included as part of an overall disability evaluation that focused on claimant's PTSD and was completed by a licensed social worker. *See id.* However, the ALJ explicitly considered this opinion. AR 19. While the ALJ did not mention the social worker's note that claimant "cannot grasp tools or move all of his finger," this note was not made as the result of a physical examination, but rather as part of the rationale for the social worker's finding that claimant experiences PTSD. AR 1855. The ALJ was not required to mention this note as part of the RFC evaluation or findings.

Turning to claimant's orthopedic evaluation, Dr. James noted that claimant "primarily just uses his index and thumb for pinch and grasping activities and does not have full active flexion of his little finger with some numbness in the ulnar distribution on the right hand and inability to completely make a closed fist on the right." AR 1858. However, Dr. James further noted that "this condition has not changed for 20 years," and that his examination of claimant's right hand showed "good opponens strength and no thenar atrophy" along with "a negative Tinel's over the ulnar nerve at the cubital tunnel of the right elbow." AR 1858. As such, while Dr. James' evaluation could have supported a finding of more substantial fingering and handling

limitations, it also provided support for the ALJ's reasonable findings. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Additionally, further evidence in the record supports the ALJ's findings. X-rays taken in November 2016 showed "minimal posttraumatic deformity" in part of claimant's left hand, with "[q]uestionable arthritis" in the thumb, and an otherwise "normal" hand. AR 1705-06. As to claimant's right hand, the x-rays showed "no soft tissue swelling or calcification," "[a]n old minimal fracture deformity," and "multiple degenerative changes noted about the interphalangeal joints of the finger," but otherwise "normal" joints and bones. AR 1706-07.

### b. Reaching Limitations

The ALJ found that claimant could not reach overhead, but imposed no further reaching limitations. AR 15. In support of his assertion that the ALJ failed to account for all his reaching limitations, claimant points to the ALJ's statement that "[t]here is no indication in the record that the claimant continued to seek treatment [after 2008]." ECF No. 15-2 at 10 (quoting AR 17). Claimant asserts that he did receive further treatment. *See id.* However, the ALJ explicitly referenced further examinations and treatment, thereby demonstrating that the ALJ did consider them. AR 17-18. Claimant further points to medical records that claimant argues demonstrate greater limitations than those included in the RFC. ECF No. 15-2 at 7-9. While these records demonstrate claimant's impairment and could have led to a finding of greater reaching limitations, they do not require a finding of greater limitations.

The record contains substantial evidence to support the ALJ's findings regarding claimant's reaching limitations. Both state agency consultants reviewing claimant's physical conditions, Dr. Nisbet and Dr. Davenport, provided opinions regarding claimant's reaching limitations, and the ALJ properly considered each. *See* AR 16. The ALJ noted that Dr. Nisbet, whose opinion was deemed "persuasive," had concluded that claimant could "perform overhead reaching with his upper extremities no more than occasionally." AR 16. The ALJ further noted that there were "records received at the hearing level that indicate the claimant had greater restrictions." AR 17. Dr. Davenport, whose opinion the ALJ deemed "less persuasive given the

relevant medical records," indicated that claimant could "occasionally perform overhead reaching with his upper extremities." AR 17. Notably, the ALJ's RFC findings contained greater limitations than were specifically identified by either doctor. *See* AR 68-71, 83-86.

### c. Mental Limitations

The ALJ found that claimant "could understand, remember, and carry out simple and routine instructions that could be learned in 30 days or less." AR 15. In so doing, the ALJ accounted for claimant's "no more than moderate limitations" in concentration, persistence, and pace that had been found at steps two and three of the sequential analysis. AR 14. The ALJ was not required to translate verbatim into the RFC these mental limitations from steps two and three. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) ("The step two and step five determinations require different levels of severity of limitations such that the satisfaction of the requirements at step two does not automatically lead to the conclusion that the claimant has satisfied the requirements at step five."). Rather, "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also Turner v. Berryhill*, 705 F. App'x 495, 498 (9th Cir. 2017) ("An RFC determination limiting a claimant to 'simple, repetitive tasks' adequately captures limitations in concentration, persistence, or pace where the determination is consistent with the restrictions identified in the medical evidence.").

Claimant cites to multiple unpublished opinions to argue that the ALJ did not adequately incorporate the mental limitations found at steps two and three into the RFC. Setting aside the issue of how much weight to accord these unpublished opinions, each case involved RFCs that included fewer concrete restrictions based on noted mental limitations. *See Lubin v. Comm'r, Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (finding error due to the ALJ's improper rejection of medical opinions and because the RFC limited claimant to "to one to three step tasks," which could "still require the speed and concentration Lubin lacks"); *Brink v. Comm'r, Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (holding that limiting a claimant to "simple, repetitive work" did not account for a claimant's moderate limitations in concentration,

persistence, or pace); *Malta v. Saul*, No. 1:18-cv-0415-JLT, 2019 WL 4127203 at *6 (E.D. Cal. Aug. 30, 2019) ("Following *Brink*, this Court has repeatedly determined that restriction to simple, repetitive tasks in the RFC or hypothetical to a vocational expert does not adequately incorporate an ALJ's conclusion that a claimant has moderate limitations in concentration, persistence, or pace at step three."). Here, unlike the opinions cited by claimant, the ALJ moved beyond limiting claimant to "simple, repetitive tasks," and included that claimant "could understand, remember, and carry out simple and routine instructions that could be learned in 30 days or less." AR 15. In so doing, the RFC includes concrete restrictions that account for claimant's moderate limitations in concentration, persistence, and pace. Hence, even if I accept claimant's argument that *Stubbs-Danielson* has been modified by subsequent unpublished opinions, those opinions do not apply to the facts presented here.

The ALJ relied upon substantial evidence in the record to arrive at the RFC's mental restrictions. State agency reviewing psychologists concluded that claimant could follow simple, routine instructions. *See* AR 16, 72, 87. Claimant denied suicidal or homicidal ideations, and presented with intact memory, fair to good judgment, and full affect. *See, e.g.*, AR 419, 436, 444, 470, 478, 498, 767, 786, 847. Since the ALJ relied upon medical opinions to translate mental limitations into reasonable concrete restrictions, the RFC adequately accounts for claimant's moderate limitations. *See, e.g.*, *Larkin v. Saul*, 819 F. App'x 535, 538 (9th Cir. 2020) ("The result in *Stubbs-Danielson* applies *a fortiori* here, where the nonconcrete workweek 'limitations' that Larkin says the ALJ ignored were mentioned by the same doctors that opined—in the same sentence—that 'she retains the ability to follow through with routine tasks with reasonable CPP.'"); *French v. Saul*, No. 2:18-CV-2191-KJM-KJN, 2020 WL 5249626 at *2 (E.D. Cal. Sept. 3, 2020) ("Accordingly, this case is more analogous to *Stubbs-Danielson* than it is to *Brink*, because it appears the ALJ did rely on medical evidence when he reached the conclusion that plaintiff's moderate difficulties in maintaining concentration, persistence or pace would not prevent him from performing 'simple, routine tasks,' with 'occasional interactions with supervisors, co-workers and the public, and no tandem work.'"). Hence, the ALJ did not err in translating claimant's moderate mental limitations into the concrete restrictions set forth in

claimant's RFC.

## IV. CONCLUSION AND ORDER

For the reasons stated in this opinion, the court concludes that the record contains substantial evidence supporting the ALJ's RFC findings, and that the RFC adequately accounts for the claimant's mental limitations. The ALJ did not err. The court hereby orders that:

1. Claimant Peter Ellsworth Stiles' motion for summary judgment, ECF No. 15, be denied;
2. the Commissioner's cross-motion for summary judgment, ECF No. 18, be granted;
3. the decision of the Commissioner of Social Security be affirmed; and
4. the clerk of this court enter judgment in favor of defendant Commissioner of Social Security and against claimant Peter Ellsworth Stiles, and close this case.

IT IS SO ORDERED.

Dated: December 29, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE